OLE NELSON *et al.*

*v.*

JOHN L. BENSON *et al.*

</div>

1. CHURCH PROPERTY—*division in case of a schism.* Where property was purchased by a religious society, incorporated under the laws of this State, and paid for by voluntary contributions of the members, and it was agreed at the time, between all the members, that the property should be

held by the trustees for the common use and benefit of the members, and in case of a schism or division, for any cause, there should be a fair division of the same in proportion to their members, and a similar provision was adopted in their constitution, it was *held*, that by the term "schism" was meant a division or separation of the members of the body occasioned by a diversity of opinion on religious subjects, and that a difficulty growing out of an illegal election of trustees by a majority, and their excluding the minority from the use of the church, was not a schism to justify a court in decreeing a division of the property.

2. Same—*individual members can not maintain bill for division.* In such a case, there must be a division or separation of the church into two religious bodies, and there must be a separate organization of a part of the original church in order to claim a partition of the church property. The partition must be applied for, not by members of the congregation as individuals, but by an organized religious body for purposes of religious worship, and the division sought must not be to divert the property from the uses to which it is devoted.

3. Churches—*remedy for illegal election of trustees.* Where the majority of a church, pretending. contrary to the fact, that a portion of the trustees elected had resigned and refused to act, proceed to elect others in their place, without notice to the minority of the congregation, and such others wrongfully assume to act, the law furnishes an appropriate remedy against them by *quo warranto*, or by bill in equity to restrain their wrongful acts.

4. Same—*equity will enforce trusts under which property is held.* Church property vested in the trustees of a religious body is held under a trust, and a court will enforce the trust and hold the trust property to the uses for which it was originally given, but it will not lend its aid to divert the property from the original uses and purposes to which it was devoted.

Appeal from the Circuit Court of Boone county; the Hon. Theodore D. Murphy, Judge, presiding.

Messrs. Magee & Oleson, and Mr. C. D. Roys, for the appellants.

Mr. William Lathrop, for the appellees.

Mr. Justice Sheldon delivered the opinion of the Court:

This was a bill in chancery, setting forth that the complainants and defendants, residents of Boone county, in this State, are the individuals composing the Norwegian Evangelical Luther congregation, a religious corporation organized

under the statute for the formation of such corporations, on the 29th of December, 1859; that in 1860, the congregation purchased a piece of land for its use, which is now the subject matter of the suit, upon which valuable improvements have been put; that the purchase money was raised by voluntary contributions among the then members of the congregation; that, at the time, it was agreed between all the members of the congregation that the property should be held by the trustees for the common use and benefit of the members, provided that if at any time there should be a schism or division in the congregation, for any cause, then there should be a fair division of the property in proportion to their numbers; that on January 17th, 1870, the congregation adopted a new constitution for its government, containing the following article:

" In case of a schism (which God forbid), the right of possessing the common property of the congregation is to devolve upon two-thirds (⅔) majority of its voting members. The price which those who then retain the property are to pay to those who then lose their interest in it is to be fixed according to the valuation made by three men, of whom each party chooses one and these two a third."

The bill then charges that on the 26th of September, 1870, the defendants, (pretending, contrary to the fact, that three of the four trustees who had previously been elected such, and whose terms of office had not expired, had resigned and refused to act,)held a meeting and unlawfully elected three certain other persons trustees of the congregation, without the knowledge or consent of the complainants; and that on or about the 13th day of November, 1870, the defendants took possession of all the common property of the congregation and excluded complainants therefrom, and refused to permit complainants to use and enjoy the same; that, by reason of such conduct of the defendants, a schism took place in the congregation, and complainants bring their suit in

order to obtain a division of the property according to their proportionate numbers.

The bill alleges the whole number of the congregation to be 59, of whom 28 were complainants, and that they had complied, on their part, with the provision of the article in their constitution for obtaining a distribution of the property, and that the defendants refused to act in the matter.

The court below sustained a demurrer to the bill, and dismissed the same, and the complainants prosecute this appeal.

The foundation of the bill is, that a schism has occurred in this church or congregation. The bill does not show that there has been a schism, but only shows the commission of one or more unlawful acts on the part of the defendants. If there has been an illegal election of trustees, there is an appropriate remedy at law against the wrongful trustees by *quo warranto*, or in equity by injunction. For the unlawful disturbance or exclusion of the defendants from the use and enjoyment of the property, there is a different form of remedy from the one here pursued. Any members of the congregation that may suffer such a grievance as that complained of, are not at liberty to call it a schism, and thereupon demand a division of the church property, and have applied their proportionate interest therein to their own individual use. There must be a schism, and none such is shown here. We understand the appropriate meaning of that term to be, a division or separation in a church or denomination of christians occasioned by diversity of opinions. The bill fails to show that there exists any difference of opinion upon religious subjects between complainants and defendants, or that complainants desire to establish or maintain religious worship for themselves.

The plaintiffs, we conceive, can not, as individuals, maintain the bill.

The property in question was acquired by a religious society organized as a religious corporation for the purposes of religious worship, under the statute for the formation of such

corporations. The act declares that the property thus acquired shall be vested in the trustees of the society, and shall be held for the uses and purposes therein named, *and no other,* the uses and purposes named being those of religious worship. The property is held under a trust. It was said in *Niccolls et al. v. Rugg et al.* 47 Ill. 51, that the sole object of a court of chancery in cases of this character, is to enforce a trust, and hold the trust property to the purposes for which it was originally given.

The object sought by this bill is to pervert the property from the purpose for which it was acquired, to withdraw it in part from use for the purpose of religious worship, and apply it to the individual use of members of the congregation. A court of equity will not lend its aid to any such diversion of the property from the uses to which it was devoted. The division which it will aid to effect must be for the purpose of religious worship. And it must be applied for, not by members of the congregation as individuals, but by an organized religious body, for the purpose of religious worship.

The schism contemplated by the article of the constitution, adopted by the congregation in 1870, upon which a partition of the church property was to follow, was, as we regard it, a division or separation of the church into two religious bodies, and there must be a separate organization of part of the original church, in order to claim a division of the church property.

We are of opinion the demurrer to the bill was properly sustained, and the decree of the court below will be affirmed.

*Decree affirmed.*