MARTIN J. REESE ET AL. *vs.* RACHEL WRIGHT ET AL.

*Injunction to Restrain Nuisance—Decree for Damages—Multifarious-ness in Equity Pleading—Allegation of Mistake in Deed.*

Equity will restrain the continued maintenance of a nuisance which causes injury to plaintiff's property when an action for damages does not afford an adequate remedy or if an injunction be necessary to prevent a multiplicity of suits.

As an incident to relief against a nuisance by injunction a Court of equity will, under special circumstances, also decree the payment of damages.

The bill in this case alleged that the plaintiffs and defendants are the owners of adjoining lots of ground and entitled to the use in common of two alleys between the lots; that the defendants have so built over and changed the grade of the alleys as to destroy the drainage from plaintiffs' lots and the exit from the rear of plaintiffs' houses; that one of the plaintiffs had brought an action at law against the defendants on account of this nuisance and recovered a judgment; that defendants change of the alleys causes irreparable injury to plaintiffs' property, and further that in the deed to plaintiffs there is a mistake in the description of the alleys. The bill prayed for an injunction to abate the nuisance and for a restoration of the alleys to their former condition and also asked that the misdescription in plaintiffs' deed be declared inoperative and that compensation be decreed for the injury caused to plaintiffs by the alleged nuisance. Upon general demurrer *held*, that the bill is not multifarious since the subject-matter of the suit is the one general right to the alleys and there is a common interest therein

among all the plaintiffs and the same relief is asked against all the defendants.

*Held*, further, that the bill states a case authorizing relief by injunction, and the allegation as to a mistake in the description in one of the deeds is not a reason for sustaining the demurrer since a reformation of the deed is not asked for and it does not appear that the mistake has any effect upon the plaintiffs' rights.

Appeal from the Circuit Court for Baltimore County (BURKE, J.)

The cause was argued before McSHERRY, C. J., BRISCOE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*John H. Richardson* and *Richard Grason George*, for the appellants.

The plaintiffs seek in this bill, the reformation of a deed upon the ground of mistake, an injunction to restrain an alleged nuisance and also full compensation for such damages as they may have suffered.

The bill is multifarious where the defendant is sued in regard to several distinct matters which have no connection with each other. *Miller's case*, 52 Md. 644.

The appellees also seek to have adjudicated in equity two separate and distinct causes of action for damages, as contained in their fifth prayer for relief, which unquestionably makes their bill multifarious. Where two or more persons having separate and distinct tenements, are injured by a nuisance which is common to all and affects each in the same way, they may properly join as plaintiffs in a bill filed *solely for injunctive relief, but they cannot recover damages in such suit.* *Encyclopedia P. & P.,* vol. XIV, p. 1138.

Where several persons sustaining a common injury from a nuisance, file a bill to restrain said nuisance, *and in addition to the prayer for injunction*, the bill contains a prayer that the defendants may be decreed to pay the plaintiffs respectively, the damages which they have sustained, the bill will be multifarious. *Encyclopedia P. & P.,* vol. XIV., p. 1139; *Brady* v. *Weeks*, 3 Barbour (N. Y.) 157.

The plaintiffs pray for an injunction on two grounds. *First.* That Rachel Wright one of the plaintiffs recovered a judgment against the defendants in the Superior Court of Baltimore City for the same wrongs as are alleged to have been committed by the defendants in this case. *Second.* That the alleged damage to their property is irremedial and irreparable.

*First.* It is true that *one of the plaintiffs* recovered against the defendants, in the Superior Court of Baltimore City a judgment of one cent damages, in a cause of action which is the same as alleged in the bill in this case. The Court below ordered each side to pay its own costs as will appear by the transcript of the record of the Superior Court, which is a part of the record in this case.

Where the plaintiff has obtained a judgment at law against the defendant affecting his real property and *substantial* damages have been awarded him, equity will enjoin a continuance of the nuisance. 1 *High on Injunction*, sec. 741. If *repeated actions* had been brought at law and *damages* recovered, and the defendant still persisted in the nuisance, equity would then interfere by injunction, because it would be shown that Courts of law were inadequate to afford relief. *Carlisle's case*, 3 Md. Chan. 500, 506. Equity will not interfere by the extraordinary remedy of injunction if the law will afford adequate relief. *Logan* v. *Scotten*, 59 Md. 73; *Whalen* v. *Delashmutt*, 59 Md. 250; *Banks* v. *Busey*, 34 Md. 438. *Carlisle's case* is the leading case in Maryland upon the question of restraining a nuisance by injunction, and has been constantly quoted and affirmed by the Court of Appeals down to the present time, and it would be strange indeed if merely because of the rendition of a verdict of one cent damages, that the authority of that case is to be overruled, in the face of the Chancellor's language that *"repeated actions must be brought and damages recovered before an injunction should issue."*

*Second.* Is the alleged damage to the plaintiffs' property of such irreparable character as to warrant the interference of a Court of equity ? Unless the trespass goes to the destruction of the inheritance or the mischief is irreparable, equity

has no authority to interfere by injunction. *Carlisle's case,* 3 Md. Chan. 500.

An injury may be said to be irreparable, when it cannot be measured by any *known pecuniary standard of value. Dudley et al.* v. *Hurst,* 67 Md. 45. An injury is not considered irreparable within the meaning of the rule when the loss complained of *may be made good by the payment of money.* 1 *High on Injunction,* sec. 30.

The appellees are absolutely precluded from asking the aid of a Court of equity on the ground of *irreparable injury,* by reason of the thirteenth paragraph of their bill, in which they ask for *money compensation* for the injuries and losses which they have suffered, and also by reason of the fifth prayer of their bill which is as follows: "That *full compensation* may be decreed to be paid to your oratrices for the injuries they have each sustained to their said properties, and suffered by them by reason of the illegal acts of the defendants."

No matter how great the damage may be alleged to be, the prayer for full money compensation completely nullifies the claim of irreparable injury. The plaintiffs cannot blow hot and cold in the same breath, and then invoke the aid of a Court of equity.

*George T. Mister* (with whom was *Beverly W. Mister* on the brief), for the appellee.

That equity has jurisdiction to enforce the removal or to prevent the erection of nuisances by injunction even without a previous judgment at law, has long been settled law in this State where the act complained of "amounts to a destruction or a serious obstruction of a privilege or easement" as it has been enjoyed by the owner and where full relief cannot be had at law. *Md. Hotel Co.* v. *Engraving Co.,* 92 Md. 724; *Loney* v. *Ragan,* 94 Md. 465; *Shipley* v. *Ritter,* 7 Md. 408, 413; 2 *Story's Eq. Jur.,* 207; *Schmidt* v. *Blane,* 66 Md. 146 to 148; *White* v. *Flannigan,* 1 Md. 543; *Roman* v. *Straus,* 10 Md. 97; *Barbour* v. *Lyddy,* 49 Fed. R. 901, affirmed by C. C. A., in *Fitzgerald* v. *Barbour,* 55 Fed. R. 440.

Surely the obstruction of plaintiffs' rear exit and destruction of their drainage, worked an injury which can only be remedied by replacing the alleys as they were before. And it is no defense to say plaintiffs can drain their property front, as the bill alleges they have endeavored to do this without being able to correct the evil. See *bill*, par. 11. It is not enough that there exists another means, but that means must be as effective as the one of which they are deprived. *Shipley* v. *Caples*, 17 Md. 182.

The verdict at law is conclusive upon the question of right, and a Court of equity will grant an injunction as a matter of course where the nuisance has been established at law, especially if the damages are merely *nominal*. 2 *Wood on Nuisances*, 3 ed., secs. 822 and 789; *Paddock* v. *Somes*, 102 Mo. 226, 240; 3 *Pom. Eq.*, secs. 1347, 1350, 1351. The first prayer of the bill is based on the case of *Carlisle* v. *Stevenson*, 3 Md. Ch. 499, where the propriety of such an injunction is established.

II. The bill is not multifarious either in regard to parties or subject-matter. The averments clearly trace the connection of the parties with the subject-matter, which is the commission and maintenance of a nuisance, and shows their respective rights and the injuries arising from their violation. *Chew* v. *Glenn*, 82 Md. 370, 375. Charging two parties with having committed a wrong is permissible. *Chappell* v. *Funk*, 57 Md. 476; *Story Eq. Plead.*, secs. 285 to 286 *a*.

Where a general right is claimed and a common interest exists among the plaintiffs in the subject-matter of the suit and the same relief is sought against the same defendant, their joinder is proper. And joinder of persons having independent titles in one suit is proper. 15 *Ency. Plead. & Prac.*, 668; *Story Eq. Plead.*, secs. 285 and note 2, sec. 286; *Murray* v. *Hay*, 1 Barb. ch. 59; *Codigan* v. *Brown*, 120 Mass. 493.

When a Court of equity exercises original jurisdiction over a nuisance, it will settle all the rights of the parties even to the assessment of damages resulting therefrom. 2 *Wood on Nuisances*, sec. 792; *Meyer* v. *Saul*, 82 Md. 459. And al-

though the bill blends matters purely of a legal character with matters particularly equitable, equity will enforce both remedies. *Clews* v. *Johnson,* 182 U. S. 462.

BRISCOE, J., delivered the opinion of the Court.

This is a bill in equity filed by the appellees against the appellants in the Circuit Court for Baltimore County for an injunction to require the appellants to abate an alleged nuisance.

The bill among other things states that the appellants and appellees are the owners of adjoining lots in Baltimore County and entitled to the use in common of two alleys between the houses on these lots; that the defendants have so built over and changed the grade of the alleys as to practically destroy the appellee's drainage and to the exit from the rear of the house. The bill further alleges that the plaintiff, Rachel Wright, instituted a suit at law against the defendants, in the Superior Court of Baltimore City and established the existence of a nuisance by a judgment at law against the defendants.

The bill also charges that the destroying and closing of the alleys, as set out in the bill, will cause irreparable damage to the plaintiff's rights and property, and they are without remedy except in a Court of equity.

The bill also charges a mistake in the description of the alleys, as contained in the appellee's deed.

The prayer of the bill, in addition to the prayer for general relief, is for an injunction to abate the alleged nuisance ; to restore the alleys as they were originally constructed and that the description in the defendant's deed may be declared inoperative, so far as it may have any effect upon the rights of the appellees, and that full compensation may be decreed to be paid for the injuries sustained by the appellees to their property and suffered by them by reason of the illegal acts of the defendants.

To the bill a general demurrer was interposed and from an order of the Court, overruling the demurrer, this appeal has been taken.

It is objected upon the part of the appellants that the bill is multifarious because it seeks the reformation of a deed upon the ground of mistake; an injunction to restrain an alleged nuisance and compensation by way of damages for the nuisance.

' The object of the bill, it will be seen, is to obtain an injunction to abate an alleged nuisance, and as incident to the relief by injunction, to have the Court settle the question of damages.

While the bill is somewhat loosely drawn and is wanting in that certainty and clearness of statement, which is required by the rules of equity pleading, yet we do not regard it, as open to the charge of multifariousness, either in regard to parties or the subject-matter.

Now as to the grounds of demurrer.    In *Fiery* v. *Emmert,* 36 Md. 464, this Court said that it may not be easy to lay down a rule of universal application as to what constitutes multifariousness.    It is a question resting somewhat in the discretion of the Court, under the circumstances of each case in the exercise of which they will be careful to guard against a multiplicity of suits on the one hand and the imposition of needless and oppressive costs on the other.    As a general rule, however, we may say, that in order to sustain a demurrer to a bill on this ground, it must appear that several matters perfectly distinct and independent are joined in the bill against the same defendant, thus compelling him to unite in his answer and defend different matters wholly unconnected with each other, or the bill must contain the demand of several matters of a distinct and independent nature against several defendants, thus imposing upon each defendant the costs incident to the trial of several claims against the other defendants with which he has no connection and in which he has no interest.    The object must therefore be confined to cases where the demand against each particular defendant is entirely distinct and separate in its subject-matter from that in which other defendants are interested and does not apply where there is a common liability in the defendants and a common although not co-extensive interest in the complaainnts.

In the case at bar, the plaintiffs and defendants have a common interest and a common liability in the material matters charged in the bill, and the same relief is sought against the same defendants. The subject-matter of the suit is the maintenance of a nuisance by the defendants, and the injury resulting therefrom is common to all and affects each in the same way.

It is well settled that where one general right is claimed and there is one common interest among all the plaintiffs in the subject-matter of the suit, and the same relief is sought against the same defendants, their joinder is proper. *Neal* v. *Rathel*, 70 Md. 592.

The next question presented by the demurrer is whether the plaintiffs have stated such a case in their bill as entitles them to equitable relief by injunction.

There can be no doubt it seems to us since the case of *Carlisle* v. *Stevenson*, 3 Md. Chan. Dec. 499, that a Court of equity has jurisdiction to compel a defendant by means of an injunction specially worded to do a substantive act, whether such injunction be merely ancillary to the relief prayed by the bill or the ultimate object of the suit. In that case, the Chancellor said, if actions had been brought at law by the complainant and damages recovered and the defendant still persisted in permitting the property to remain in a defective condition, the Court would then be authorized to interfere by injunction, because it would then be shown that the Court of law was inadequate to afford relief. *Shipley* v. *Ritter*, 7 Md. 408; *Schaidt* v. *Blaul*, 66 Md. 141; *Roman* v. *Strauss*, 10 Md. 89. Mr. Pomeroy, in his work on *Equity Jurisprudence*, 3rd vol. 1350, says: "It is a well-settled doctrine that equity will restrain a private nuisance at the suit of the injured party. The equitable jurisdiction is based upon the notion of restraining irreparable mischief or of preventing vexatious litigation or a multiplicity of suits."

Here the bill charges that the existence of the nuisance has been established by an action at law, and damages recovered against the defendants; that the defendants have been notified

since the judgment to abate the nuisance by placing the alleys in the condition and location they were in, but they have refused to do so. It further charges that unless they procure the interposition of a Court of equity they will be subject to a multiplicity of suits, will be deprived of the proper and useful enjoyment of their property, that the injury to this property will be irreparable, and full and adequate relief cannot be had at law.

The allegations of the bill are admitted by the demurrer, and for the purposes of the case we are to treat them as true, and this being so, we think the case falls within the well settled rules established by the cases just referred to.

But apart from this it is insisted that the bill is multifarious because in addition to the prayer for an injunction the bill contains a prayer that the defendants may be decreed to pay the plaintiffs compensation for the injuries which they have sustained to their properties.

Ordinarily, the award of damages is a remedy belonging to a Court of law, but as incident to the relief by injunction Courts of equity will under special circumstances and in a proper case consider and settle the question of damages. 2 *Wood on Nuisances*, sec. 792; 1 *Pomeroy Equity Jurisprudence*, secs. 236 and 237; *West Boundary Co.* v. *Bayless*, 80 Md. 506; *Busey* v. *McCurley*, 61 Md. 436.

Nor do we regard the allegation of the bill that a mistake exists in the deed as to the description and location of one of the alleys, as fatal on demurrer. The prayer of the bill is not to reform the deed on the ground of a material mistake, but to declare it inoperative "so far as it may have any effect on the rights of the plaintiffs to the free use and access to and from their premises." The bill avers, and the demurrer admits, that the plaintiffs have title to the property and the alleys in question. Apart from this, the plaintiffs title was established by the action at law, and is not in dispute under the pleadings in the case. It does not appear that the mistake in the description of the deed as to the location of the alley has any bearing upon the case. As was said by this Court in

*Kelso* v. *Stigar et al.*, 75 Md. 394, we are at a loss to perceive in what respect the locations are material as necessary to the fair trial of the case. This is in no sense a case of disputed boundary or of a divisional line of the land claimed. *White* v. *Lunning*, 93 U. S. 514.

There is nothing in the other objections raised by the demurrer to the plaintiffs bill which can prevail against the relief here sought, if the appellees can establish the allegations of the bill by the proof required in such cases.

The decree of the Circuit Court for Baltimore County overruling the demurrer, will be affirmed, and cause remanded.

> *Decree affirmed and cause remanded with costs.*

(Decided January 12th, 1904.)