# JOHN SHAEFFER *vs.* JOHN KLEE ET AL., TRUSTEES, ETC.

*Religious Societies—Bill Alleging Change by Trustees in Usages of Congregation.*

The charter of a German Evangelical Lutheran Church, under the general incorporation law, provided that the worship by the church should be conducted in conformity with the custom of the Evangelical Lutheran Church and the doctrine of the Augsburg Confession, by ministers holding as their rule of faith the symbolical books of the year 1580, and that the worship of the church should always be conducted in the German language, so long as a single member of the church desires it. Land was conveyed to the trustees for the erection of a church thereon and for use as burial ground. Plaintiff's bill in this case alleged that

the trustees had abandoned the established form of worship and caused it to be conducted by ministers who did not acknowledge the binding authority of the symbolical books, and that the services are no longer conducted in the German language. The bill asked for an injunction. *Held*, that the language used in the worship of the church and the adherence of the ministers to the Augsburg Confession are matters to be determined by persons authorized so to do by the usages of the church; that the trustees are only vested with authority over the property and temporal affairs of the congregation, and that since the bill does not aver that the acts complained of have been decided by the proper ecclesiastical authorities to be in violation of the fundamental usages of the Lutheran Church, the Court has no jurisdiction in the premises.

*Held*, further, that the deeds to the trustees of the land were not upon the condition that the German language should always be used or the Augsburg Confession always a fundamental part of the creed, and consequently the acts complained of in the bill are not a diversion of the property from the use for which it was donated by the grantors.

Appeal from the Circuit Court for Carroll County (JONES, C. J., and THOMAS, J.)

The cause was argued before McSHERRY, C. J., FOWLER, PAGE, BOYD, PEARCE and SCHMUCKER, JJ.

*James A. C. Bond* and *Francis Neal Parke*, for the appellant.

*Benj. F. Crouse* (with whom was *John M. Roberts* on the brief), for the appellees.

PAGE, J., delivered the opinion of the Court.

The questions presented by this appeal arise upon the decree of the lower Court sustaining the demurrer to the bill filed by John Shaeffer, who, it is alleged, is a member in good standing of the corporate body therein mentioned.

The German Evangelical Church at Deer Park road in Carroll County was incorporated under the General Laws of the State in 1866; and in 1873 its charter was amended, also under the General Laws of the State. The articles of incorporation show that the purpose of the incorporation was to "organize a German Evangelical Lutheran Church at Deer Park

road, for holding public religious worship in a Christian-like manner," "in accordance with the pure Lutheran doctrine, the preaching of the word of God, and the proper administration of the Holy Sacraments, and in conformity with the fundamental doctrines of the unaltered Augsburg Confession, and assure to themselves and to their children the Lutheran Catechism in the German language." Art. 2 of the incorporation of 1866, provides that the "worship of God by said church or congregation shall always be conducted in strict conformity with the established custom of the Evangelical Lutheran Church, and the said worship of God and service of said church or congregation shall always be conducted in the German language, as long as the said congregation numbers one male member, and said member shall so desire it, and said services of said church or congregation shall be conducted only by ministers who are members in good standing in an Evangelical Lutheran Synod, and who besides the word of God, hold the unaltered Augsburg Confession as the rule of their faith." By the amendment of the charter in 1873, this article was amended so as to require the services to be conducted, "Only by ministers in an Evangelical Lutheran Synod, and who besides the word of God hold as their rule and word of faith the Symbolical Books of the year 1580." It is further alleged that after the incorporation of the church in 1866, Elizabeth Bitzel, a member of the congregation, together with her husband, in consideration of the high estimation entertained by her for the German Evangelical Lutheran Trinity Church at Deer Park road, conveyed "and accordingly gave" a lot of ground to the said body corporate, for the purpose of the erection of a church thereon, and for the use and occupation thereof as a burial ground for the said church and congregation. And that in 1873, a certain John Nelson and others conveyed a certain other lot of ground, in fee-simple, for a consideration of ninety-eight dollars and ninety-one cents. It is further alleged that in February, 1903, the trustees "deliberately forsook and abandoned the established and fundamental form of worship of said body

corporate or congregation," and took possession of said church, parsonage and all other corporate property, for the purpose of ending, and did end, the worship of said congregation, for many years established and practiced, and ever since have "prevented and denied to said body corporate and its members the right to hold, as theretofore, the devotions and services of said congregation in accordance with the said articles of incorporation and the Augsburg Confession and the Symbolical Books of the year 1580;" that the said trustees have used the property for worship and devotions, other than those contemplated by the articles of incorporation, and have had, and do now have, the said worship conducted by "ministers of the gospel, who only acknowledge the Augsburg Confession as the symbol or declaration of faith, and who deny the validity, integrity and binding force, sanctity and absolute authority of the said Symbolical Books of the year 1580, &c.; and that said trustees have undertaken to abolish and have terminated the use of the German language, "in the catechetical instructions, the devotions, ritual forms of worship and preaching, &c." It is charged that such action on the part of the trustees is illegal, in defiance of the rights of the complainant and other members, and contrary to and in violation of the trust imposed in them by the Bitzels and Nelson and others, (that the said property should be devoted to the purposes set forth in the articles of incorporation); and that a discontinuance of the use of the German language would work a forfeiture of said property and cause the same to revert to the original owners, &c.; that the trustees "have no power to act in opposition to the terms and conditions and limitations contained in the articles of incorporation and the amendment thereof," and no warrant to use the property as had been shown, and unless restrained the "congregation or body corporate will suffer irremediable and irreparable loss, &c."

The prayer of the bill is for an injunction restraining the trustees from holding services such as are objected to, and the ministers who have and are yet officiating from conducting such services; and any other relief his case may require.

A demurrer having been sustained, the complainant appealed.

The grounds of the appellant's grievances, as appear from the allegations of the bill, are, that the trustees permit the services to be held in a language other than the German; and also that they do not forbid and prevent ministers, who do not accept the Symbolical Books of 1580, as of binding force and absolute rule of faith, but acknowledge the Augsburg Confession only, from preaching and conducting services in the Deer Park Church.

It is not alleged in the bill, and it does not anywhere appear that according to the usages and customs of the Evangelical Lutheran Church, or by the principles of the Augsburg Confession or of the Symbolical Books of 1580, there is any ecclesiastical requirement or rule of practice, or form of worship, as to the use of the German language in the devotion or services of the church; but it is contended that the members of the congregation are entitled to the relief they pray for, under and by virtue of the provisions of the charter, and also by reason of an implied trust created by the deeds of Nelson and others and the Bitzels, under which the trustees hold title to the property. The deed of Nelson certainly does not create a trust. It conveys the property therein described to the trustees and their successors in fee, without any restrictions or limitations whatever. The deed of the Bitzels conveyed the property to the trustees, and "their legal successors in office in fee-simple" * * "to have and to hold * * forever for the purpose of the erection of a church or house of worship, and for the use and occupation of the said lot of ground, as a burial ground for the said church or congregation and for no other use or intent whatsoever." The consideration expressed, is "the high estimation and regard entertained by us, George Bitzell and Elizabeth Bitzell, his wife, for the religious teaching and moral influence of the said German Evangelical Lutheran Trinity Church at the Deer Park road" and one dollar. The real consideration was therefore the "high estimation which they entertained for" that church;

but there is nothing that could prevent the trustees from making such use of the property as they saw fit, provided it was occupied by a "church or house of worship," and used "as a burial ground for said church or congregation." It is insisted that the words "use and occupation" as employed in the deed, must be taken to refer to such use and occupation, as would not conflict with the church plan or constitution promulgated in the certificate of incorporation. Conceding this, without so deciding, we are brought to consider the construction and effect of the charter.

The trustees were incorporated under the provisions of the *Code*, Art. 23, secs. 205, and following. But those sections do not authorize the incorporation of the members of the congregation or of the congregation itself. They provide that in every church, religious society or congregation of whatever sect, order or denomination, &c., there shall be sufficient power and authority in all persons above twenty-one years of age, belonging to any such church, &c., to elect, at their discretion certain sober and discreet persons, not less than four nor more than twelve, which persons so elected, upon being registered as hereinafter directed, shall be constituted a body politic or corporate, to act as trustees in the name and behalf of the particular church, &c., for which they are respectively chosen, and to manage the estate, property, interest and inheritance of the same. Sec. 206 defines particularly the powers they may exercise, viz., they may purchase, take and hold to them and their successors in fee or for a less estate," land, tenements, &c., lease, mortgage, sell and convey the same in such manner as they may judge most conducive to the interest of their respective churches, &c., except where they hold under instrument prohibiting such sale; and provided, &c. The statute does not authorize the incorporation of "congregations," but certain persons belonging to and selected by the congregation, and these are constituted the body politic on behalf of the particular church. There is nothing in the Act granting to the members of the congregation the power to act as members of the corporation. The Act included in the Art. 23,

sec. 205, *et seq.*, is an amendment of the Act of 1802, ch. 111, and in construing that, this Court said: "The male members of the church are invested with no visitatorial power over ministers or trustees, or interest in the property of the corporation." In the Act of 1802, there was a provision which expressly declared that nothing contained therein should be taken to affect or alter the religious constitution or government of any church, so far as respects or in anywise concerns "doctrine, discipline or worship." The sections in the Code do not include this provision, but the powers granted to the trustees are carefully set forth and apply only to the management of the property, and no authority is given to exercise any authority over matters of doctrine or discipline. It seems therefore to be clear that the purpose of incorporations like the one in this case was to enable the church to attend more readily and efficiently to their temporal affairs, without any power or authority to interfere with forms of worship, articles of faith, or any other matter relating strictly to spiritual concerns. *Tartar* v. *Gibbs*, 24 Md. 334; *Stubbs* v. *Vestry*, 96 Md. 267.

It also appears by the articles of incorporation that the Deer Park Road Church is of the denomination of the Evangelical Lutheran Church. The second article provides that the public worship of God by this congregation "shall always be conducted in strict conformity with the established custom" of that church. The sole authority therefore to regulate the doctrines and discipline, resides with that denomination, to be exercised by it according to its customs and usages. There is no allegation in the bill as to what that denomination has required with respect to the use of the German language. The matter of the language in which public worship shall be conducted is an important element of public worship: Like singing and the use of instrumental music, it is a matter to be determined by those having charge of the discipline of the church, and not by those who are invested only with authority over its temporal affairs. *Tartar* v. *Gibbs, supra.*

As to those matters which involve only spiritual affairs, it seems to be well settled that this Court has no power to in-

terfere. *Tartar* v. *Gibbs, supra.* These must be left with the authorities of the church or denomination who have the power, by the custom and usages of the ecclesiastical organization, to consider and determine upon them.

This record does not therefore present a case where the property in the hands of the trustee has been devoted by the will of the donor to some peculiar view of his own or of other persons, but to the worship of God, according to the customs, usages and doctrine of the Evangelical Lutheran Church, and in the absence of an averment that this denomination has decided, according to its usages and customs, that the acts complained of are in violation of its authority, this Court has no jurisdiction over them. "Any other than those Courts, must be incompetent judges of matters of faith, discipline and doctrine." *German Ref. Church* v. *Seebert,* 3 Pa. St. 291; *Watson* v. *Jones,* 13 Wall. 679. "All questions relating to faith and practice of the church, belong to the church jurisdiction, to which they have voluntarily subjected themselves." *Chase* v. *Chaney,* 58 Ill. 509; *Lawyer* v. *Clipperly,* 7 Paige, 281.

In *Jennings* v. *Scarborough,* 28 Atl. 560, it was held, Courts of law will not interpose to control the proceedings in spiritual matters which do not affect the civil rights of individuals. And in *Brunnemeyer et al.* v. *Buhre et al.,* 32 Ill. 189, the Court said : "The trustees chosen by the organization, are for convenience vested with the legal title for its control and management in its enjoyment by the body. They have no power to pervert it, or prevent it from being used for the purposes of its original design. Nor can a majority of the members of the church control the action of the trustees, against the usages and regulations of the church."

"The Legislature never means by granting or allowing such charters, to change the ecclesiastical *status* of the congregation, but only to afford them a more advantageous civil *status.* The directors or trustees of the corporation as such, have no authority whatever over church affairs." *Jennings* v. *Scarborough, supra.*

The judgment of the Court below, being in accordance with these principles, will be affirmed.

> *Judgment affirmed, the appellant to pay costs.*

(Decided January 13th, 1905.)

MCSHERRY, C. J., dissents.