BENJAMIN F. BROWN, et al., Trustees of the Tyson African Methodist Episcopal Church,

*vs.*

EDWARD W. SCOTT et al., Trustees of the Tyson Colored Methodist Protestant Church.

*Church Property—Right of Control—Sufficiency of Bill—Parties Plaintiff.*

A bill by church trustees, in whom the title to the church property was vested, to prevent the violation of a trust by the diversion of the property to purposes other than that provided by the charter and constitution of the church, to obtain possession of the property, and to have set aside a deed by former trustees conveying the property for other uses, *held* not multifarious by reason of misjoinder of parties or subject-matter.

pp. 240, 241

The trustees of a church are *prima facie* the persons entitled to institute an action involving the title to or control of church property. p. 241

Equity will take jurisdiction of a suit involving the use of church property, and will protect those entitled to the possession, whether a majority or a minority, it being the duty of the court to see that property dedicated to the propagation of definite religious doctrines or principles is not diverted from the trust thus attached to its use. pp. 241, 242

The annual conference of the denomination, although interested in the subject-matter of the controversy, *held* not a necessary party to a suit by trustees of a church to prevent the diversion of the church property to improper uses. p. 243

*Decided April 5th, 1921.*

Appeal from the Circuit Court No. 2 of Baltimore City (Dawkins, J.).

The cause was argued before Boyd, C. J., Briscoe, Thomas, Pattison, Urner, Stockbridge, Adkins, and Offutt, JJ.

*Charles G. Baldwin* and *G. Ridgely Sappington,* with whom were *Baldwin & Sappington* on the brief, for the appellants.

*John D. Nock,* with whom were *Benson, Nock & Rowe* on the brief, for the appellee.

Briscoe, J., delivered the opinion of the court.

This is an appeal from an order of Circuit Court No. 2 of Baltimore City overruling certain demurrers to an amended bill of complaint filed by the plaintiffs against the defendants, with leave to the defendants to answer the bill within ten days, as to the subject matters of the controversy.

The bill seeks to procure an injunction restraining the defendants: first, from acting as trustees of the Tyson Colored Methodist Protestant Church of Baltimore County, and also from interfering with the plaintiffs in the performance of their duties as the legal trustees and pastor of this church, and to surrender the church property and the keys of the church to the plaintiffs; second, that a certain paper writing purporting to be a deed from the Tyson Colored Methodist Protestant Church to the Tyson African Methodist Episcopal Church be declared null and void, vacated and set aside.

The bill, it will be seen, contains thirteen paragraphs, and the substantial facts stated therein are as follows: The plaintiff, the Tyson Colored Methodist Protestant Church of Baltimore County, was duly incorporated on the 30th day of January, 1899, and subsequently this church became a member in good standing of the Baltimore Annual Conference of the Colored Methodist Protestant Church; that the plaintiff church owned certain property and, until May, 1918, religious services were held in a frame church building on the east side of Falls Road near Cold Spring Lane and Hillside Road, in the New Annex of Baltimore City.

The bill then alleges that without authority the defendants, Benjamin F. Brown, Charles H. Brown, George N. Brown, John H. Jackson and Franklin E. Jones, five of the eight trustees of the church, notified the Annual Conference of the

Church, when it convened in May, 1918, not to make any appointment of a pastor for the church, and announced that they were no longer worshiping according to the creed and discipline of the Colored Methodist Protestant Church, as provided by its charter and constitution, but had become affiliated with the African Methodist Episcopal Church, had elected the defendant, Rev. John Offer Custis, pastor of the church, and are now conducting services in the church building under the name and style of Tyson African Methodist Episcopal Church of Baltimore City, a corporation, incorporated on the 15th day of April, 1919.

The bill further alleges that the defendants hold the keys to the church building, and they refuse to give possession of the same to the plaintiffs or the Reverend William W. Hoy, the minister who was duly appointed pastor of the Tyson Colored Methodist Protestant Church, claiming to be in sole control of the building and denying to the plaintiffs the right of access to or control of the same; that on the 15th of April, 1919, the defendants, claiming to be the trustees of the Tyson Colored Methodist Protestant Church, for a simulated and pretended consideration, made what purports to be a deed, and undertook thereby to transfer and convey the property of the Tyson Colored Methodist Protestant Church from themselves as trustees to themselves as trustees of the Tyson African Methodist Episcopal Church, which paper writing is absolutely null and void, and of no effect.

By the tenth paragraph of the bill it is alleged that the acts of the defendants, as stated in the bill, are not only causing grievous injury to the Tyson Colored Methodist Protestant Church, and are greatly hampering the plaintiffs in the performance of their proper duties, but are in direct violation of their rights, in that they are prevented from using the church property and from worshiping therein according to the constitution and discipline of the Colored Methodist Protestant Church, and such actions of the defendants in permitting another denominational creed to conduct services in the church are utterly without warrant or justification in law.

The prayer of the bill is: First, that the defendants may be enjoined from acting as and representing themselves to be trustees of the Tyson Colored Methodist Protestant Church of Baltimore County; second, that the defendant, Reverend John Offer Custis, shall and may be enjoined from preaching or conducting services in the church building, and that the defendants and each of them shall and may be enjoined and required to desist from interfering with the plaintiffs, as trustees, and Rev. William W. Hoy, in the performance of their duties as trustees and pastor, respectively, of the Tyson Colored Methodist Protestant Church; third, that the defendants and each of them shall and may be enjoined and required to surrender to the plaintiffs the possessions of the church property and the keys to the church building, and to refrain from interfering with the control and custody thereof by the plaintiffs; fourth, that the defendants and each of them shall and may be enjoined and required to turn over and deliver to the plaintiffs the records of the Tyson Colored Methodist Protestant Church and any and all funds belonging to the church, in the possession of the defendants, or any of them, whether consisting of rents, collections, donations or otherwise; and fifth, that the paper writing, purporting to be a deed from the Tyson Colored Methodist Protestant Church to the Tyson African Methodist Episcopal Church, be declared to be void, may be vacated and annulled.

There were two demurrers filed to the bill: one by the Tyson African M. E. Church, and the other by eight trustees of this church, individually and as trustees. The two demurrers are practically the same, and in so far as may be necessary, will be disposed of and considered by us together.

There is no force in the objection that the bill is so open to the charge of multifariousness, either in regard to misjoinder of parties or subject-matter, as to deny the plaintiff trustees relief in this case. *Ruhe* v. *Ruhe,* 113 Md. 595; *Reese* v. *Wright,* 98 Md. 272; *Trustees* v. *Asbury Sunday School,* 109 Md. 681; *Code,* Art. 16, Secs. 181-185.

In 34 *Cyc.* 1171, the general rule as to parties in cases of this character is thus stated: "Actions involving the title or control of church property are properly brought in the name of the church, if incorporated, and the trustees are the persons *prima facie* entitled to institute the litigation, and they are undoubtedly the proper parties to sue when the church is incorporated, or the title of the property is vested in them in trust."

In the present case, the title to the property is vested in the trustees of the church under Section 7 of the Articles of Incorporation, which provides that all real and personal property and chattels real, now owned or to be hereafter acquired by the church, shall be vested in the trustees or their successors for the use and benefit and advantage of the church and for no other purpose, and the trustees shall not at any time transfer or dispose of any property vested in them as aforesaid without the consent and approbation of at least two-thirds of all the male members of the church over the age of twenty-one years.

It is also apparent from the bill itself that the plaintiffs are suing as trustees of the church, and are seeking to prevent the violation of a trust by a diversion of trust property to other uses and purposes than that provided by the charter and constitution of the church itself, and to have the deed conveying the property for other uses set aside and vacated.

There was no such misjoinder of parties as to defeat the right of the plaintiff trustees to relief under the facts of the case.

The law is well settled upon the facts as stated and alleged in the bill in this case, that a court of equity would have jurisdiction to grant the relief sought by the bill if the appellees can establish its allegations by the proof required in such cases.

In 34 *Cyc.* 1167, the general rule is thus stated in cases of this kind: "Another ground for equitable relief is the failure of two factions of a church to agree on the proper use of the church property. In such cases equity will take jurisdic-

tion and protect the party entitled to possession, regardless of whether it constitutes a majority or a minority."

In *Watson* v. *Jones,* 13 Wall. (U. S.) 723, the Supreme Court discusses and disposes of the controlling questions here presented and held that "an individual or an association of individuals may dedicate property by way of trust to the purpose of sustaining, supporting, and propagating definite religious doctrines or principles provided that in doing so they violate no law of morality, and give to the instrument by which their purpose is evidenced, the formalties which the laws require. And it would seem also to be the obvious duty of the court, in a case properly made, to see that the property so dedicated is not diverted from the trust which is thus attached to its use. So long as there are persons qualified within the meaning of the original dedication, and who are also willing to teach the doctrines or principles prescribed in the act of dedication, and so long as there is anyone so interested in the execution of the trust as to have a standing in court, it must be that they can prevent the diversion of the property or fund to other and different uses. This is the general doctrine of courts of equity as to charities, and it seems equally applicable to ecclesiastical matters."

In *Venable et al.* v. *Coffman et al.,* 2 W. Va. 310, it was distinctly held that any number of the members of a church, whether small or great, have the power to join whatever church they may please, however it may be in disregard of the rules and constitution of the church to which they may have formerly belonged, but they cannot by so doing affect the rights of others, nor divert the use of property held in trust for a particular and specified purpose, to another and different purpose or use. *Shaeffer* v. *Klee,* 100 Md. 264; *Nelson* v. *Benson,* 69 Ill. 27; *Roshe's Appeal,* 69 Pa. St. 462; *McKinney* v. *Griggs,* 5 Bush (Ky.) 402; 23 R. C. L. 424-453.

In the leading case of *Watson* v. *Jones, supra,* the Supreme Court said: "The appellants in the case presented to us have separated themselves wholly from the church organization to which they belonged. They now deny its authority, denounce

its action, and refuse to abide by its judgment. They have first erected themselves into a new organization, and have since joined themselves to another totally different, if not hostile, to the one to which they belonged when the difficulty first began. Under any of the decisions which we have examined, the appellants, in their present position, have no right to the property, or to the use of it, which is the subject of this suit."

In the case at bar the averments of the bill are admitted by the demurrers to be true, and must be so considered by us on this appeal.

While the bill it will be seen is wanting in clearness of statement and is somewhat argumentative and prolix in detail, yet, we think, it contains sufficient allegations of fact to require an answer on the part of the defendants and to entitle the plaintiffs to equitable relief, if they can be supported by the proper proof.

We find nothing in the other objections raised by the demurrers to the bill that can avail the defendants on this appeal.

While the Baltimore Annual Conference of the Colored Methodist Protestant Church, a body corporate, is interested in the subject matter of the controversy, they were not necessary party plaintiffs to the proceedings but, as the cause will be remanded, this objection can be obviated by amendment in the court below. *Walter* v. *Riehl,* 38 Md. 211; *Gore* v. *Condon,* 87 Md. 368.

We have disposed of the case as presented by the demurrers, and for the reasons stated the order of the Court below in overruling the demurrers to the plaintiffs' bill will be affirmed and the cause will be remanded, with leave to the plaintiff to amend, the costs to abide the result of the suit.

> *Order affirmed and cause remanded, with leave to amend, costs to abide the result of the suit.*