## IRA T. GUTHRIE *v.* THE CENTRAL BAPTIST CHURCH OF BALTIMORE CITY

[No. 83, October Term, 1947.]

*Decided February 19, 1948.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Robert P. McGuinn* and *George W. Evans* for the appellant.

*Marshall A. Levin,* with whom was *Harry O. Levin* on the brief, for the appellee.

GRASON, J., delivered the opinion of the Court.

The bill of complaint in this case was filed in the Circuit Court No. 2 of Baltimore City by the Central Baptist Church of that City (herein called the Church), against Ira T. Guthrie. James Ellerbee signed his name to the bill as Moderator on behalf of the Church. The bill alleges as follows:

"1. That is a religious corporation duly incorporated under the laws of the State of Maryland, being governed by the uses and practices of an independent Baptist congregational church.

"2. That for a long time prior to April 29th, 1947, a majority of the members of the Church had become dissatisfied with the action and demeanor of Ira T. Guthrie, the pastor of the church, who among other things (a) without the authorization of the Church, had leased the basement of your Orator's Church property on Park Avenue near Dolphin Street to another church; (b) appointed his wife as financial secretary of the church, without the consent of the members, she having previously resigned at the request of a majority of the members; (c) failed to attend any of three meetings called by a majority of the church members, and refused to give an explanation for his failure; (d) he has arrogated to himself full authority to conduct the affairs of the church, in spite of consistent complaints by a majority of the members.

"3. That a meeting of the Church was held on April 29th, 1947, at the call of said Ira T. Guthrie, to which meeting said Ira T. Guthrie invited five ministers, without the consent of the members. A discussion took place as to the presence of these ministers, whereupon the said Ira T. Guthrie, the five ministers and several of the members withdrew from the meeting; whereupon those who remained, constituting a majority of the membership, elected James Ellerbee to act as moderator of the meeting and Miss Rubye Staggers was asked to serve as Secretary.

"4. Thereafter the charges and complaints against the said Ira T. Guthrie were read and fully discussed, after which a resolution was presented and adopted that the services of the said Ira T. Guthrie as Pastor be discontinued and the pulpit declared vacant, and that he be paid all indebtedness due him up to and including May 15th, 1947.

"5. Thereafter a resolution was adopted that the church engage counsel and that he notify the defendant, Ira T. Guthrie, of the action taken by the members, and to request him to deliver all church papers in his possession to your Orator.

"6. That said Ira T. Guthrie was notified of such action by letter, a copy of which is filed herewith marked Plaintiffs 'Exhibit 1', but notwithstanding, persisted thereafter in attending and conducting the services of the Church, and although your Orator placed a lock on the building to prevent him from entering, he has broken and removed said lock and openly defies the lawful authority of the majority of the congregation of the Church.

"7. Your Orator has no adequate remedy at law to compel the said Guthrie from usurping the office of Pastor and to relinquish duties heretofore performed by him.

"Wherefore your Orator prays that the writ of Injunction may be issued to restrain and prevent said Ira T. Guthrie from acting or attempting to act as Pastor of your Orator church and from holding any services therein, and to require him to obey the action of the Church removing him from office, and to desist from in any manner entering the church property or from handling or using any of its property, money or assets. And for such other and further relief as the nature of its case may require."

To this bill Guthrie demurred. The chancellor overruled the demurrer, with leave to answer in fifteen days. Thereafter the appellant appealed to this court from the chancellor's order overruling the demurrer.

The sole question for our determination is whether James Ellerbee, Moderator on behalf of the Church, is a proper party to institute this proceeding in the name of the church.

The appellee contends that any person, authorized by a majority vote of a general congregational meeting, can institute a suit for and on behalf of the Church. The contention is that under the Act of 1802, Chapter 111, authority was given a religious corporation to sue and be sued by its trustees. This power of the trustees, to sue and be sued, remained the law until the passage of the Act of 1868, Chapter 471. This Act dropped the provision in the former Act, authorizing religious corporations to sue and be sued by their trustees. This

being so, it is argued, any person, authorized by a majority vote of the members of the Church, in a congregational meeting called for a particular purpose, can institute suit on behalf of the Church. That is to say, that the Legislature intended, by the Act of 1868, Chapter 471, to change the manner in which religious corporations had sued and been sued for over sixty years, although it did not specifically so provide. The Act of 1868, Chapter 471, of the General Assembly of Maryland, dealt with corporations generally, and by sections 156, to and including 168, dealt with religious corporations. It is not provided in any of those sections how a religious corporation shall sue or be sued. In other sections of the Act the powers of corporations generally are enumerated. Section 46 thereof is as follows: "To sue and be sued, complain and defend in any Court of Law or Equity." This power is not limited to business corporations. It is not indicated that it was intended to apply solely to such corporations and not to religious corporations. It seems to us that the omission of the power of religious corporations to sue and be sued, as contained in the Acts of 1802, Chapter 111, from the Act of 1868, Chapter 471, is accounted for because it was entirely superfluous.

In the present Code, 1939, Article 23 deals with corporations generally, and sections 275 to 291, inclusive, deal with religious corporations, under the subtitle "Religious Corporations". In that article there is no authority for religious corporations (other than sections that deal with Roman Catholic churches) to sue and be sued. But, by section 8 it is provided: "Every corporation which is subject to the provisions of this Article shall have the following general powers, except where the special provisions relating to any particular classes of corporations are inconsistent herewith: * * * To sue and be sued, complain and defend in all courts." And in section 288 (dealing with the Roman Catholic church) it is provided: "Every such corporation shall have, in addition to the powers conferred by section 8 of this

article, in so far as the said powers may be consistent with its general character, the further power \* \* \*." The language of this section would seem to imply that the Roman Catholic church would have the power to sue and be sued, even if there was no reference in said section to section 8 of article 23. The general power, to sue and be sued, conferred by section 8 would apply to that church.

The case at bar is the first case in this State in which a religious corporation has attempted to sue by a moderator.

It is conceded that prior to the Act of 1868, Chapter 471, a religious corporation must sue and be sued by its trustees. This was so held as late as 1921, in the case of *Brown v. Scott*, 138 Md. 237, 113 A. 727, 729. That case quoted, with approval, 34 *Cyc*. 1171, as follows: "Actions involving the title or control of church property are properly brought in the name of the church, if incorporated, and the trustees are the persons *prima facie* entitled to institute the litigation, and they are undoubtedly the proper parties to sue when the church is incorporated, or the title of the property is vested in them in trust."

In *Jenkins, et al. v. New Shiloh Baptist Church*, 189 Md. 512, 56 A. 2d 788, decided by this court on January 15, 1948, we held: 1. That courts will not interfere with the action of a religious corporation concerning matters of church doctrine and discipline. 2. That courts will interfere to preserve property and contract rights of religious corporations. In that case there is a full discussion of the authorities.

A proceeding on behalf of a church, to enforce its property or contract rights, should be instituted in its name by authority of its trustees. If the trustees refuse to institute a proceeding which it is their duty to institute, then it can be instituted in the right of the church corporation by any one who has sufficient interest in the church's property rights to entitle him to do so, against defendants, including the church corporation and its

trustees. In such a bill of complaint should be averred the reason the case was so instituted, that is to say, it should allege that the trustees refused to institute the proceeding, and the facts showing their duty so to do, and the plaintiff's right to sue in the circumstances.

It is contended that this bill is concerned with church doctrine and discipline. With this we do not agree. All of its allegations are concerned with mundane affairs, and this court, as we have said, has jurisdiction to enforce property and contract rights of a religious corporation. In this respect a religious corporation is not unlike a business corporation. We, therefore, cannot agree with the chancellor in his action in overruling the demurrer. It is shown, by matters contained in the bill, that authority to institute this proceeding in the name of the church corporation is lacking.

> *Order overruling demurrer reversed, and bill of complaint dismissed, costs to be paid by James Ellerbee.*