## JACKSON ET AL. *v.* SHAW ET AL.

[No. 16, October Term, 1949.]

*Decided November 11, 1949.*

The cause was argued before MARBURY, C. J., DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*Eldridge Hood Young* for the appellants.

*William A. C. Hughes, Jr.,* for the appellees.

HENDERSON, J., delivered the opinion of the Court.

This is an appeal from an order overruling a demurrer to a bill of complaint, brought by Bishop Shaw of the Washington Annual conference of the Methodist Church, Reverend Dyson, pastor of the Gillis Memorial Methodist Episcopal Church, and six persons constituting a majority of the Board of Trustees of the Gillis Memorial Methodist Church of America. The defendants are certain persons constituting the Board of Trustees of the Gillis Memorial Community Church, Incorporated, certain minority members of the Board of Trustees of the Gillis Memorial Methodist Church of America, and Reverend Theodore C. Jackson, former pastor of the Gillis Memorial Methodist Episcopal Church. The controversy involves primarily the ownership and right to possession of certain church property in Baltimore City.

The facts shown by the bill and exhibits seem to be that a corporation under the name of Gillis Memorial Methodist Protestant Church of Baltimore City was incorporated under the laws of Maryland in 1899, and acquired title to church property at 10-12 S. Stockton Street in 1911. One of the articles of incorporation forbade the transfer of any property "without the consent

and approbation of at least two-thirds of all the male members of said church over the age of twenty-one years." In 1923, it is alleged that a majority of the members of the congregation decided to affiliate with the Methodist Episcopal Church in America, and to change the name of the congregation to Gillis Memorial Methodist Episcopal Church. On March 15, 1923, a deed was executed by the president under the corporate seal of Gillis Memorial Methodist Protestant Church of Baltimore City, to nine persons, and their successors in office, trustees for Gillis Memorial Methodist Episcopal Church, an unincorporated body. This deed was duly recorded. The trust was stated in the *habendum* clause to be "for the use of the members of the Methodist Episcopal Church in the United States of America according to the rules and Discipline of said church which from time to time may be authorized by the regularly constituted authorities of said church." The deed recited that it was made "in pursuance of a call previously given therefor and in which a great majority of the members were present and voting." Although the bill alleges that the grantor corporation was thereafter dissolved, it is not shown or contended that there was any legal dissolution or amendment of the charter, other than the severance of relations with the Methodist Protestant Church and affiliation with the Methodist Episcopal Church.

The bill recites that since 1923 the congregation at 10-12 S. Stockton Street has been under the ecclesiastical jurisdiction of the resident Bishop of the Methodist Episcopal Church, who appointed Reverend Jackson in 1935. In 1940, the Methodist Episcopal Church, Methodist Episcopal Church South, and the Methodist Protestant Church combined under the name of the Methodist Church of America. It is not shown whether the Methodist Church of America is a corporation or not, but the bill seems to concede that its jurisdiction is confined to ecclesiastical as distinguished from property matters. On July 4, 1946, Reverend Jackson and the successor trustees, with the approval of the Bishop, entered into a

contract to purchase a church at 400-410 N. Calhoun Street. He secretly caused a corporation to be formed under the name of Gillis Memorial Community Church of Baltimore City, Incorporated, on July 30, 1947. The stated object of the corporation was religious worship. "after the form, regulation and doctrine of Community Churches". The charter also provided that the Reverend Jackson should "be and continue to be the Pastor in full charge of said Congregation, as long as he desires to do so." By these actions it is alleged that he severed his connection with the Methodist Church and its Discipline. On August 3, 1947, he wrongfully caused the property at Calhoun Street to be deeded to the new corporation, and executed a mortgage in its name. Thereafter, he wrongfully and illegally executed a lease of the Stockton Street property to a Baptist Congregation, and proceeded to collect the rent reserved. On March 31, 1948, Bishop Shaw appointed Reverend Dyson in place of Reverend Jackson, but the latter refused, and continues to refuse, to turn over the pulpit, the funds, books and records and other property to Reverend Dyson, or to account therefor. The bill alleges that Reverend Jackson and the members of the Board of the new corporation flatly refuse to recognize the claims of the Methodist Church.

The prayers of the bill are for an injunction against the defendants conducting services at either the Stockton Street or Calhoun Street churches, interfering with Reverend Dyson assuming charge, or with his control or management of the properties, for an accounting and the surrender of moneys, books and records, for an order directing a conveyance of the Calhoun Street property to the complainants in trust for the Methodist Church of America, and for other and further relief. The demurrer sets up a lack of jurisdiction in equity, lack of necessary parties and improper joinder of parties, both plaintiff and defendant.

We have no doubt as to the jurisdiction of equity. The bill prays an accounting from an alleged wrongdoer who,

as pastor of the congregation and custodian of its property and funds, refuses to account for or to turn over the property to the lawful owners. The facts alleged are strikingly similar to those in the case of *Brown v. Scott*, 138 Md. 237, 113 A. 727; Id., 142 Md. 260, 120 A. 759, where there was a suit by one religious corporation against another. We think that case is controlling on this point.

The question of parties, however, presents more difficulty. The appellants contend that the bill shows on its face that the conveyance in 1923 was made without the approval of two-thirds of the members, required by the charter and was *ultra vires*. They argue that the successor trustees of the unincorporated body, known as Gillis Memorial Methodist Episcopal Church, acquired no title under the conveyance in 1923, and have no standing to seek relief. The appellees argue that in any event they have acquired title by adverse possession. But we have recently held, upon the fullest consideration, that trustees of an unincorporated religious association (the Hookstown Methodist Episcopal Church, South) could not acquire title by adverse possession. *Salem Church of United Brethren v. Numsen*, 191 Md. 43, 59 A. 2d 757. In that case it was held no title passed to the trustees, in a conveyance prior to the adoption of chapter 453, Acts of 1931, (Code, Art. 16, § 279,) because the designation of beneficiaries was too vague and indefinite, and that the grantor and those claiming under him retained their right of entry in the property. In the case at bar, it appears from the bill and exhibits that the title and right to possession still remains in the Gillis Memorial Methodist Protestant Church of Baltimore City, a body corporate, grantor in the conveyance in 1923. We think this corporation is a necessary party plaintiff in the absence of allegations of fact that might take the case out of the rule laid down in the *Salem Church case*, *supra.* Cf. *Guthrie v. Central Baptist Church*, 189 Md. 692, 57 A. 2d 310, 312. For the same reason, it is clear that the corporation formed by the Reverend Jackson,

the Gillis Memorial Community Church of Baltimore City, Incorporated, is a necessary party defendant, since it holds title to the Calhoun Street property. *Martin v. United Slate, Tile and Composition Roofers,* 189 Md. 383, 56 A. 2d 28, 29. It is not sufficient to name the trustees constituting the governing board. *Tartar v. Gibbs,* 24 Md. 323, 336. Nor are they proper parties, as individuals, where the only allegation of their participation is in a representative or collective capacity.

Since none of the parties plaintiff are shown to have any property interest in the subject matter of this suit, the bill will be dismissed, without prejudice to the filing of a new bill by the proper parties.

*Order reversed and bill dismissed without prejudice, with costs.*